Tucker, P.
I do not think that the objections made to the proceedings in this case in relation to the continuances have any validity. The party having appeared and acknowledged the notice, the case must have been regularly placed upon the docket, and then stood in court precisely upon the footing of other causes which are continued from term to term but not to any particular day, and which, under the general law of continuances, if not tried during the term, stand continued, without any order, until the next term. And after the defendant has once appeared, it is his duty to attend to his cause at every term until it has been decided or discontinued.
On the merits, however, the case is, I think, clearly against the appellees. The defendants not having appeared at the trial, as the record ascertains, there should appear upon it sufficient to warrant the judgment. From the manner in which this record is made up, I take it that the notice was spread upon it, and is therefore part of it. This was not the case in Ayres v. Lewellin, 3 Leigh 609. The notice here demands certain quotas, due “as per declarations signed, sealed *506 &c.” These declarations being thus referred to, and' being filed by the plaintiffs, make part of their case, , and are, properly speaking, part of the record. In a summary motion on a forthcoming bond, the bond is considered a part of the record without being spread upon it by exception; for it is the foundation of the plaintiff’s claim: and the bond certified by the clerk is taken to be that on which judgment was given. Beale v. Wilson and others, 4 Munf. 380. Pari ratione the declaration, in a case of the mutual assurance society, being the foundation of the demand, must be taken to be part of the case, even without an exception. If this be so, then is this judgment erroneous, since it makes the appellant SJcipwith responsible for quotas subsequent to the revaluation and insurance of the same property by Woodson and Trent, and moreover enters a joint judgment against parties not jointly bound, while it severs the joint contract of Woodson and Trent, by pursuing Trent without Woodson. The judgment must therefore be reversed, and judgment entered that the plaintiffs take nothing by their motion; without prejudice to any other motion which may be hereafter made by the society against the proper parties for any quotas in arrear.